GEORGE M. OLCOTT, ASSIGNEE, RESPONDENT, *v.* JOHN G. MACLEAN AND OTHERS, APPELLANTS.

*Assignee in bankruptcy — costs against — General Term order — cannot be modified at Special Term.*

In this action, brought by an assignee in bankruptcy, in good faith, to recover property alleged to have been transferred in violation of the bankrupt act, a judgment was recovered by the plaintiff at the Circuit, which was set aside at General Term, on the ground that after the commencement of the action, and before the hearing of the appeal, the State court was deprived of jurisdiction of the action by section 2 of chapter 390 of the acts of congress of 1874. The General Term directed that the complaint be dismissed, without costs. Upon an appeal from an order of the Special Term affirming a decision of the clerk refusing to tax costs in favor of the defendant, *held,*

That the order of the General Term was binding upon the clerk and Special Term, and that if defendant was dissatisfied therewith, he should have moved the General Term for a modification thereof.

That, in any event, the plaintiff was not personally liable for the costs, as he was the trustee of an express trust, under section 317 of the Code, and had brought and maintained the action in good faith.

APPEAL from an order of the Special Term, refusing to direct the clerk to tax a bill of costs presented in this action.

This action was brought by the plaintiff, as assignee in bankruptcy of one Aspinwall, to recover certain goods in the hands of the defendants, alleged to have been transferred to them in violation of the provision of the bankrupt act. A judgment in favor of the plaintiff was set aside at the General Term, on the ground that the court had no jurisdiction of the action (10 Hun, 277), and it was directed that the complaint be dismissed, without costs.

The defendant applied to have his costs taxed, on the ground that the General Term had no right to deprive him of them.

*George H. Black,* for the appellants. The action was for money, and as, by the order of the General Term, the judgment in favor of the plaintiff was reversed and the complaint dismissed, the right of the defendant to costs was absolute. (*Sturgis* v. *Spofford,* 58 N. Y., 105; *Lumbard* v. *Syracuse, etc., R. R. Co..* 62 id., 298; *Howell* v. *Van Sicken,* 8 Hun, 524; *Ayers* v. *West. R. R. Corp.,* 49 N. Y., 660.) The court had jurisdiction to determine whether the cause was one it could entertain. (*Ogdensburgh, etc., R. R.* v. *Vermont, etc., R. R.,* 63 N. Y., 176.)

*Chambers, Pomeroy & Boutwell,* for the respondent. Defendants are not entitled to costs where the complaint is dismissed on the ground that the court had no jurisdiction of the action, as was the case in this action. (*Malone* v. *Clark,* 2 Hill, 658; *Gormley* v. *McIntosh,* 22 Barb., 272, and cases therein cited; *Harriott* v. *N. J. R. R. and T. Co.,* 1 Daly, 378; see opinion by his honor Judge BRADY.)

DAVIS, P. J.:

The clerk refused to tax the defendant's costs, because the order of the General Term expressly directed that the action be dismissed without costs. Nothing was presented to the clerk to show that this order was *coram non judice.* It was the duty of the clerk, we think, to respect the order of the General Term, and of the defendant to have moved to correct the same by application to the General Term; and the Special Term did right in so holding. The order of dis-

missal was one which the General Term was not bound to make in disposing of the appeal. It, however, did so, conditionally; that is to say, without costs. If the defendant did not choose to accept the order with the condition that the dismissal should be without costs, he should have moved the General Term for a modification of the order, or for some other disposition of the case. By accepting the order, he should be held to consent to the condition.

If this be not so, however, the case is one within section 317 of the Code. The plaintiff was trustee of an express trust within the meaning of that section; and the attempt on this taxation, was to charge him personally with costs, where the court had not ordered that to be done. If the defendant is entitled to costs at all, they are chargeable only upon, or out of, the estate or fund represented. This ought to be so in this case, because, as shown in the opinion of the court (*Olcott* v. *McLean* 10 Hun, 277), the plaintiff was entitled to maintain his action and to recover when the action was brought, but by an act of congress passed while the action was pending, this court lost jurisdiction of the case, and for that reason made the order of dismissal. The power of the court, as was said in the opinion at General Term, to hear and determine the case had been withdrawn. The court for that reason reversed the judgment and dismissed the complaint, but it was distinctly stated, that as such dismissal had become necessary because of the legislation which took effect during the pendency of the action, it should be without costs. There was certainly no bad faith on the part of the plaintiff, which should charge him personally with any costs, and the defendant was not justified in attempting to do so, without first applying for an order of the court under section 317 of the Code, which application would undoubtedly have been denied.

The order appealed from should be affirmed, with ten dollars costs besides disbursements.

Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.